FILED

2023 Feb-13  PM 03:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES MAY,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:21-cv-01176-RDP** |
| | } | |
| **ALABAMA PLUMBING** | } | |
| **CONTRACTOR, LLC; and BRENT** | } | |
| **VACARELLA,** | } | |
| | } | |
| **Defendants.** | } | |

### <u>MEMORANDUM OPINION</u>

This matter is before the court on the Motion for Summary Judgment filed by Defendants Alabama Plumbing Contractor, LLC ("APC") and Brent Vacarella. (Doc. # 36). In their Motion, Defendants seek judgment in their favor on Plaintiff's overtime claim under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). The Motion has been fully briefed. (Docs. # 43, 44).

Before filing his own claim against APC, Plaintiff May originally sought to be added as a Plaintiff in *McAnally, et al v. Alabama Plumbing Contractor, LLC, et al.*, Case No. 2:19-cv-02033-RDP. (Case No. 2:19-cv-02033-RDP, Doc. # 102). He more recently moved to consolidate this case with *McAnally* for purposes of trial. (Doc. # 31). Therefore, by agreement of the parties (*see* Docs. # 36, 43, 44), the *McAnally* case and this case are being considered together for purposes of Defendants' Motion for Summary Judgment, although the motion was only filed in the *May* case.

## I.     Relevant Undisputed Facts[1]

APC is a plumbing subcontractor that primarily provides plumbing services to commercial contractors. (Doc. # 34-6 at ¶ 2). Each of APC's plumbers is situated similarly to every other APC plumber. (*See generally*, Doc. # 1; *McAnally* Fourth Amended Complaint, Case No. 2:19-cv-02033-RDP, Doc. # 52).

APC employs plumbers to perform the principal activity of plumbing at commercial jobsites. (Doc. # 34-6 at ¶ 2; Doc. # 34-1 at 17[2] (Plaintiff May agreeing that most of the jobsites he worked on were commercial jobsites); Doc. # 35-1 (Plaintiff McAnally describing the jobsites as "commercial" jobsites.); Case No. 2:19-cv-02033-RDP Docs. 66-1 at ¶ 2; # 89-1 at 9-11; # 89-2 at 9-10; # 89-3 at 9-10). The plumbing services provided by APC plumbers were at construction sites. (Doc. # 34-6 at ¶¶ 3-4; Case No. 2:19-cv-02033-RDP Doc. # 89-1 at 13). The services performed included the following: running and connecting main waterline pipes to and through the building; installing fixtures like sinks, toilets, and water fountains; installing drain lines; and installing and connecting sewer lines. (Doc. # 34-6. at ¶ 4).

Until early December 2022, APC had a shop located adjacent to the Shelby County airport. (Doc. # 34-6 at ¶ 10). Since early December, APC does not maintain a shop. (*Id*.).

APC owned around 6 or 7 pickup trucks that were available for use by employees to travel to and from jobsites. (*Id*. at ¶ 11). APC paid for the gas used in driving the trucks. (Case No. 2:19-cv-02033-RDP Doc. # 66-1 at 5-7). About half of the plumbers and apprentices took advantage of

---

[1] The facts set out in this opinion are gleaned from the parties' submissions and the court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the non-moving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts that could be established through live testimony at trial. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

[2] Generally, the court cites to the CM/ECF document and page number. Where the court cites to a deposition, it cites to the CM/ECF document and the deposition page number.

the free transportation. (*Id*. at ¶ 16). The other half of the plumbers and apprentices arranged their own transportation directly to and from the jobsite. (*Id.*; Doc. # 43 at 9; Doc. # 35-1 at 136 (Jason Kirby "road [sic] his motorcycle to the job site most of the time."); Doc. # 34-1 at 43-44 (On occasion, Plaintiff May drove his personal vehicle to the job site.); Doc. # 35-1 at 140 (Paul McAnally agreeing that "some plumbers would drive directly from their home to the first commercial job site of the day and from the last commercial job site of the day back home."). Some plumbers chose to come to the shop on some days to take advantage of free breakfast and coffee that was available. (Doc. # 34-5 at 35 ("So I go there Mondays, Wednesday, Fridays, free breakfast, get coffee.").

Since 2019, Plumbers have been able to receive their job assignments by text or phone call. (Doc. # 34-1 at 70).

Some company tools were furnished and kept on APC's trucks. (Case No. 2:19-cv-02033-RDP Doc. # 89-4 at 19-21). However, the vast majority of parts and supplies used by APC are delivered to the jobsite by plumbing supply companies. (Doc. # 34-6 at ¶ 7). A small amount of parts and supplies were purchased by employees at places like Home Depot on an as-needed basis and those were paid for with a company credit card. (*Id*. at ¶ 8). When vehicular equipment was needed, APC rented the equipment and the rental company delivered it to the jobsite. (Doc. # 34-1 at 24-25). The equipment remained at the jobsite overnight until the job was finished. (*Id*. at 23-25).

## II.    Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see* Fed. R. Civ. P. 56(c). The moving party must show the court that there is a basis for granting summary judgment, as well as point to the evidence contained in the pleadings that demonstrates an absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. When the movant has met its burden, Rule 56 requires the non-moving party to highlight specific facts beyond the pleadings (such as affidavits, depositions, interrogatory answers, or admissions on file) that show a genuine issue for trial. *See Id.* at 324.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-17 (11th Cir. 1993) (citing U.*S. v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir.1991) (*en banc*). If the moving party bears the burden of proof at trial, then it can meet its burden on summary judgment only by presenting positive evidence that demonstrates the absence of a genuine issue of material fact, *i.e.*, facts that would entitle it to a directed verdict if not controverted at trial. *Fitzpatrick*, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the nonmoving party to produce significant, probative evidence demonstrating a genuine issue for trial.

In making a determination as to which facts are material, a court is guided by substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Any reasonable doubts about the facts, or any justifiable inferences derived therefrom, are resolved in favor of the non-moving party. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993); *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007). A dispute exists when "the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." *Anderson*, 477 U.S. at 248.

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Thus, a court's inquiry in a Rule 56 motion is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

### III.   Analysis

The FLSA requires covered employers to pay non-exempt employees the minimum wage, 29 U.S.C. § 206(a), and overtime pay for hours worked in excess of forty per workweek, *id*. § 207(a)(1). Plaintiff May has not argued that Defendants failed to pay him the minimum wage. (Doc. # 1).

Pursuant to § 207 of the FLSA, "an employer may not employ his employee for a workweek longer than forty hours unless his employee receives overtime compensation at a rate not less than one and a half times his regular rate." *Allen v. Bd. of Pub. Educ. for Bibb Cty*., 495 F.3d 1306, 1314 (11th Cir. 2007) (citing 29 U.S.C. § 207(a)(1)). "A person is employed if he or she is suffered or permitted to work." *Id*. (citing 29 U.S.C. § 203(g)).

The Portal–to–Portal Act, 29 U.S.C. § 254(a), exempts certain activities from compensation under the FLSA. An employer is not required to pay an employee for:

> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
>
> (2) activities which are preliminary to or postliminary to said principal activity or activities,

which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at

which he ceases, such principal activity or activities. For purposes of this subsection, the use of an employer's vehicle for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting shall not be considered part of the employee's principal activities if the use of such vehicle for travel is within the normal commuting area for the employer's business or establishment and the use of the employer's vehicle is subject to an agreement on the part of the employer and the employee or representative of such employee.

29 U.S.C. § 254(a). That is, under the Portal-to-Portal Act, "[a]n employer is not required to pay an employee for (1) 'traveling to and from the actual place of performance of the principal activity or activities which [the] employee is employed to perform" or (2) "activities which are preliminary or postliminary to [the employee's] principal activity or activities." *Meeks v. Pasco Cty. Sheriff*, 688 Fed. Appx. 714, 716 (11th Cir. 2017) (citing 29 U.S.C. § 254(a)).

### A.    May's FLSA Overtime Claim

Plaintiff May alleges that he "and similarly situated employees worked in excess of forty hours per week and were not paid overtime pursuant to the FLSA [] for being required to report to the Defendant's shop and for his travel time in the company trucks to and/or from the shop and jobsites in the company trucks and/or for traveling to remote distances in their own vehicles and/or company trucks which were outside the general commuting area of the Defendants' shop and not subject to the Portal to Portal Act commuting exceptions." (Doc. # 1 at ¶ 44). Defendant argues that the time Plaintiff claims is compensable is actually not compensable work under the Portal–to–Portal Act. (Doc. # 37 at 23-15).

The merits of Plaintiff's FLSA overtime claim in this case turn on whether the time for which he contends he should receive overtime compensation was devoted to performing principal activities – that is, activities that are integral and indispensable.  "The term 'principal activity or activities' in Section 4 [of the Portal-to-Portal Act] embraces all activities which are an 'integral and indispensable part of the principal activities'" that the employee is employed to perform. *IBP,*

*Inc. v. Alvarez*, 546 U.S. 21, 29-30 (2005); *see also Llorca v. Sheriff, Collier Cty., Fla*., 893 F.3d 1319, 1324 (11th Cir. 2018) ("The integral and indispensable test is tied to the productive work that the employee is employed to perform.").

An activity is only "integral and indispensable" to the performance of an employee's principal activities if "it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities." *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 37 (2014). In other words, "an activity is 'indispensable' to another, principal activity only when an employee could not dispense with it without impairing his ability to perform the principal activity safely and effectively." *Id*. at 520 (Sotomayor & Kagan, JJ., concurring).

The determination of whether an activity is "integral and indispensable" is "fact-intensive" and "not amenable to bright-line rules." *Llorca*, 893 F.3d at 1324; *see also Bonilla v. Baker Concrete Const., Inc*., 487 F.3d 1340, 1345 (11th Cir. 2007) ("The statutory language of the exemptions does not allow for a clean analytical distinction between those activities that are 'integral and indispensable' and those that are not."). "[W]hether a particular set of facts and circumstances is compensable under the FLSA is a question of law for the Court to decide." *Llorca*, 893 F.3d at 1324 (citing *Dade Cty. v. Alvarez*, 124 F.3d 1380, 1383 (11th Cir. 1997)).

Here, Plaintiff claims that Defendants violated the FLSA by not paying him for time spent commuting between APC's shop and the job sites. Plaintiff asserts that Defendant's Motion for Summary Judgment is due to be denied because the travel time was "integral and indispensable" to the performance of the plumbers' job.

"The plain language of § 254(a)(1) indicates that commute time is generally not compensable." *Llorca*, 893 F. 3d at 1326. Regardless of what the Department of Labor's regulations interpreting the FLSA say, the Eleventh Circuit has determined more recently that "the

fact that an employer requires or benefits from the activity at issue does not establish that the activity is integral and indispensable." *Id.*; *see also Shearer v. Edger Associates, Inc.*, 2015 WL 9274928, at *4 (M.D. Fla. Dec. 18, 2015) (explaining that the "Supreme Court's recent decision in *Integrity Staffing Solutions v. Busk*, 135 S.Ct. 513 (2014), confirms that merely because an employer 'required' an employment activity is insufficient to remove it from reach of the Portal to Portal Act"). Nor does "the use of an employer-owned vehicle ... eliminate the distinction between incidental or non-compensable travel and required or compensable travel," or the fact that "an employee's 'custom or practice' is to compensate employees for travel from home to work and back home.'" *Shearer*, 2015 WL 9274928, at *4.

Under binding precedent, "commuting time and other preliminary and postliminary activities are compensable only if they are *both* an integral *and* indispensable part of the principal activities." *Llorca*, 893 F.3d at 1324 (emphasis in original). "'[I]ndispensable' means a duty '[t]hat cannot be dispensed with, remitted, set aside, disregarded, or neglected.'" *Id.* (quoting *Integrity Staffing*, 135 S.Ct. at 517). APC no longer has a shop. So clearly meeting at the shop before travelling to the jobsite was not indispensable. Moreover, as this court noted in *McAnally*,

> There is Rule 56 evidence that approximately half of the company's plumbers and assistants did not [report to the shop] but rather traveled directly from their homes to the jobsites. The fact that half of the similarly situated employees did not meet at and return to the shop indicates that doing so was not an "'integral and indispensable part of the principal activities'" that the plumbers and assistants were employed to perform.

(Case No. 2:19-cv-02033-RDP Doc. # 92 at 10). Both law and logic lead to this inescapable conclusion: a task that some of the plumbers were not required to perform (or that they chose not to perform) cannot be an indispensable part of the plumbers' principal activities. Therefore, Defendant is correct that the time that Plaintiff seeks to be compensated is not compensable work under the Portal–to–Portal Act.

8

**IV.     Conclusion**

The undisputed facts establish that some of APC's plumbers dispensed with traveling to the APC shop before work and commuting to the jobsites in the company trucks. Therefore, that commute in the company truck and those preliminary and post-liminary tasks are not an indispensable part of their principal activities. Because the tasks for which Plaintiff seeks compensation are not integral *and* indispensable, his claim necessarily fails and Defendant is entitled to summary judgment as a matter of law.

A separate order will be entered.

**DONE** and **ORDERED** this February 13, 2023.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE